UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JILLIAN BETHEL, ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-391-SDD-RLB |
| NATIONAL INDEMNITY INSURANCE COMPANY, ET AL. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 4, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JILLIAN BETHEL, ET AL.                                    CIVIL ACTION

VERSUS                                                    NO. 15-391-SDD-RLB

NATIONAL INDEMNITY INSURANCE
COMPANY, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiffs' Motion to Remand. (R. Doc. 4). The motion is opposed. (R. Doc. 5). Plaintiffs have filed a Reply. (R. Doc. 12). After careful review of the pleadings, arguments of the parties, and applicable law, it is the recommendation of the magistrate judge that the Plaintiffs' Motion to Remand should be **DENIED**.

**I.      Background**

On May 7, 2015, Jillian Bethel, Paul Bethel, and Renee Bethel (collectively, "Plaintiffs")[1] filed this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants National Indemnity Insurance Company ("National Indemnity");[2] J.D. & Billy Hines Trucking, Inc. ("Hines Trucking"); Arnold E. Baylor ("Mr. Baylor"); and Liberty Mutual Insurance Company ("Liberty Mutual") (collectively, "Defendants"). (R. Doc. 1-1, "Petition"). Plaintiffs allege that Mr. Baylor was driving a truck owned by his employer, Hines Trucking, when he negligently struck a vehicle driven by Jillian Bethel "causing it to spin multiple times, leave the interstate, and strike a tree." (Petition, ¶¶ 1-3).

---

[1] Paul Bethel and Renee Bethel are the parents of Jillian Bethel.
[2] According to the Notice of Removal, the entity National Indemnity Company was incorrectly sued in the Petition as "National Indemnity Insurance Company." (R. Doc. 1 at 1).

1

Plaintiffs allege that as a result of the collision, Jillian Bethel "was thrust violently about her vehicle and sustained severe personal injuries." (Petition, ¶ 4).

Plaintiffs allege that the accident was caused solely by the negligence and/or fault of Mr. Baylor. (Petition, ¶ 6). Jillian Bethel seeks recovery for the following itemized damages:

1) Physical injury and impairment of function;
2) Pain and suffering – past, present, and future;
3) Mental anguish – past, present, and future;
4) Loss of enjoyment of life – past, present, and future;
5) Loss of Wages and impairment of future earning capacity;
6) Permanent disability;
7) Out-of-pocket losses and damages of plaintiff;
8) Doctor, medical, hospital, and pharmaceutical expenses – past, present, and future; and
9) Damage and loss of value to the vehicle and other personal property.

(Petition, ¶ 7). Paul Bethel, the alleged owner of the vehicle in the accident, claims that he has "suffered financial losses as a result of damage to his vehicle." (Petition, ¶¶ 2, 8). Paul Bethel and Renee Bethel both allege that they "have suffered financial losses and out-of-pocket expenses associated with paying for medical expenses and other costs as a result of their daughter's injuries arising from the accident" and "have suffered a loss of consortium with their daughter." (Petition, ¶¶ 8, 9).

On June 17, 2015, Hines Trucking and National Indemnity (collectively, the "Removing Defendants") filed their Notice of Removal. (R. Doc. 1). The Notice of Removal was filed and signed by attorneys who identified themselves as "Attorneys for Arnold E. Baylor, J.D. & Billy Hines Trucking, Inc. and National Indemnity Company." (R. Doc. 1 at 7). The Removing Defendants state in the Notice of Removal that Mr. Baylor has been informed of the removal "and consents to its filing." (R. Doc. 1 at 3). The Removing Defendants further state that Liberty Mutual consents to removal (R. Doc. 1 at 4), and, in support of this assertion, attach an e-mail from counsel for Liberty Mutual dated June 16, 2015 consenting to the removal. (R. Doc. 1-3;

2

*see* R. Doc. 1-2). Also on June 17, 2015, counsel for Liberty Mutual filed a Notice of Consent on behalf of their client, representing Liberty Mutual's consent to the removal. The Removing Defendants assert that there is complete diversity, namely that Plaintiffs are citizens of Louisiana, Mr. Baylor is a citizen of Mississippi; Hines Trucking is a citizen of Arkansas; National Indemnity is a citizen of Nebraska; and Liberty Mutual is a citizen of Massachusetts. (R. Doc. 1 at 5).[3] The Removing Defendants assert that the amount in controversy requirement is satisfied based on the damages alleged by Jillian Bethel, and their "information and belief" that the medical treatment of Jillian Bethel exceeds $47,000.00. (R. Doc. 1 at 4).

On July 13, 2015, Plaintiffs filed the instant Motion to Remand arguing that (1) the removal was procedurally defective because Mr. Baylor did not consent to removal and (2) the court lacks subject matter jurisdiction because the amount in controversy requirement is not satisfied. (R. Doc. 4).

## II. Arguments of the Parties

In support of remand, Plaintiffs argue that the Notice of Removal wrongly suggests that Mr. Baylor was not served at the time of removal, and further does not provide that the Removing Defendants obtained his consent to removal. (R. Doc. 4-1 at 3-4). Plaintiff asserts that this is a violation of the "unanimity requirement" and remand is therefore warranted based on this procedural defect. (R. Doc. 4-1 at 3-4). Plaintiffs further argue that remand is warranted based on lack of subject matter jurisdiction because the Removing Defendants have not proven by a preponderance of the evidence that the Plaintiffs' claim exceeds $75,000, either by

---

[3] The Notice of Removal actually states that the Plaintiffs are "residents" of Louisiana and Mr. Baylor is a "resident" of Mississippi. (R. Doc. 1 at 5). A party invoking diversity jurisdiction must allege the citizenship (i.e., domicile) rather than mere residence of an individual. *Jagiella v. Jagiella*, 647 F.2d 561, 563 (5th Cir. 1981). Because the Petition asserts that Plaintiffs are domiciled in Louisiana, and that Mr. Baylor is domiciled in Mississippi, the court is satisfied that they are respectively citizens of Louisiana and Mississippi. (R. Doc. 1-1 at 2).

3

demonstrating that the amount in controversy is facially apparent or by submitting evidence in support of such a finding. (R. Doc 4-1 at 4-6).

In opposition, the Removing Defendants argue that there is no procedural defect in removal because Mr. Baylor gave consent to removal as evidenced by Paragraph VII of the Notice of Removal, wherein the Removing Defendants state that Mr. Baylor was informed of notice and consented to its filing. (R. Doc. 5 at 2-3). This representation is made in the Notice of Removal by the "Attorneys for Arnold E. Baylor." (R. Doc. 1 at 7). The Removing Defendants further argue that the amount in controversy is facially apparent given the allegations in the Petition and, among other things, Plaintiff's failure to provide a pre-removal stipulation to damages less than $75,000. (R. Doc. 5 at 7-10). The Removing Defendants also argue that, as Plaintiffs have already incurred $47,000 in medical expenses, the additional damages Plaintiffs seek will likely bring an award "significantly in excess" of the $28,000 necessary to reach the jurisdictional minimum. (R. Doc. 5 at 5, 11).

In reply, Plaintiffs argue that because the Removing Defendants fail to provide any evidence of Mr. Baylor's written consent to removal other than the assertion in the Notice of Removal, there is no record that Mr. Baylor actually consented to removal. (R. Doc. 12 at 4-5). In essence, Plaintiffs argue that counsel for the Removing Defendants was not actually counsel for Mr. Baylor, and, therefore, the representation that Mr. Baylor consented to removal is legally insufficient. (R. Doc. 12 at 4-6). With regard to the amount in controversy, Plaintiffs concede that the "medical records produced by the defendants in their opposition to remand total little over $47,000." (R. Doc. 12 at 3). Plaintiffs argue that the Removing Defendants merely speculate that the Plaintiffs can prove, at trial, damage awards in excess of $28,000, and have

4

thus failed to meet their burden of proving that the amount in controversy requirement is satisfied. (R. Doc. 12 at 3-4).

### III. Law and Analysis

#### A. The Rule of Unanimity

Pursuant to amendments made by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Congress codified the "rule of unanimity" in revising 28 U.S.C. § 1446. *See Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, No. 12–300, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012). Section 1446(b)(2)(A) states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." Section 1446(b)(2)(C) states that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." The earlier-served defendant must consent to removal prior to the expiration of the later-served defendant's thirty-day deadline to remove the action. *Andrews v. AMERCO*, 920 F. Supp. 2d 696, 702 (E.D. La. 2013).

The Notice of Removal filed by the Removing Defendants (*i.e.*, Hines Trucking and National Indemnity) provides the following statement: "Defendant, Arnold E. Baylor, has been informed of the notice of removal submitted by defendants, J.D. & Billy Hines Trucking, Inc. and National Indemnity Insurance Company, and consents to its filing." (R. Doc. 1 at 3). The Notice of Removal was signed, pursuant to Rule 11 of the Federal Rules of Civil Procedure, by counsel for "Arnold E. Baylor, J.D. & Billy Hines Trucking, Inc. and National Indemnity Company." (R. Doc. 1 at 7). This is a "written indication" in the Notice of Removal by counsel

asserting that Mr. Baylor consents to the removal. *See Getty Oil*, 841 F.2d at 1262 n.11 ("[T]here must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.").[4]

Accordingly, the removal is not procedurally defective on the basis that Mr. Baylor did not consent to removal.

### B. Amount in Controversy

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §

---

[4] There is nothing before the court to cast doubt on the attorney's representation in the Notice of Removal that he is also the attorney for Mr. Baylor and is therefore acting on his behalf. Indeed, since the filing of the Notice of Removal, the same attorney has since filed an Answer on Mr. Baylor's behalf as well as prepared a Joint Status Report on his behalf. (*See* R. Docs. 7 and 10).

6

1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1). This prohibition on alleging a specific amount of damages, however, "is not applicable to a suit on a conventional obligation, promissory note, open account, or other negotiable instrument . . ." La. Code Civ. P. art. 893(B).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity, the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). The court will first consider whether it is facially apparent from the Petition that an individual Plaintiff has asserted claims with an amount in controversy in excess of $75,000. If not, the court will consider whether the Removing Defendants have set forth any facts in controversy supporting a finding of the jurisdictional minimum.

7

Plaintiffs' failure to include any allegations regarding the amount in controversy to support federal jurisdiction, as required by Louisiana Civil Code of Procedure article 893(A)(1), is not dispositive. *See Weber v. Stevenson*, No. 07-595, 2007 WL 4441261 (M.D. La. Dec. 14, 2007). Similarly, that Plaintiffs did not submit a pre-removal stipulation that the amount in controversy requirement is not satisfied is insufficient, without more, to support a finding that the amount in controversy is facially apparent. *See Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311 (E.D. La. Apr. 2, 2008).

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. 2010); *Nelson v. Wal–Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)). "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

8

Here, the Petition does not provide sufficient facts for determining the severity of Jillian Bethel's injuries. Plaintiffs allege various broad categories of damages commonly alleged in personal injury actions. While Plaintiffs allege that Jillian Bethel's vehicle was struck by a truck "causing it to spin multiple times, leave the interstate, and strike a tree," and that Ms. Bethel "was thrust violently about her vehicle and sustained severe personal injuries," they do not allege the specific nature of her physical injuries or the treatment she sought. There is no allegation in the Petition that Ms. Bethel suffered fractures or other wounds that would require immediate medical attention or of the nature or cost of any medical treatment she received.[5] In the absence of additional factual assertions regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).[6]

As the amount in controversy requirement is not facially apparent, the court will turn to whether Defendants have set forth any facts in controversy supporting a finding of the jurisdictional minimum. In the Notice of Removal, the Removing Defendants allege that at the time of removal Jillian Bethel had incurred medical expenses exceeding $47,000.00. (R. Doc. 1 at 4). The Removing Defendants represent that the $47,000.00 amount asserted in the Notice of

---

[5] The Removing Defendants appear to argue that the amount in controversy requirement is facially apparent because Jillian "Bethel has incurred over $47,000 in medical expenses for treatment she received prior to the filing of the removal notice." (R. Doc. 5 at 7). The Petition provides no allegation regarding the amount of medical expenses incurred. That evidence external to the Petition may establish the medical expenses at issue has no bearing on whether the amount in controversy is facially apparent from the Petition itself.

[6] A finding that the amount in controversy is not facially apparent is consistent with this court's ruling in *Palmer v. Palmer*, No. 13-213, 2013 WL 5701515, (M.D. La. Oct. 17, 2013). In *Palmer*, this court concluded that the amount in controversy was facially apparent where the plaintiff alleged that she was personally struck by a Ford F-150 truck and "suffered physical injuries including, but not limited to, severe injuries to her neck, back and pelvis resulting in hospitalization and rehabilitation." *Id.* at *4. There was also no dispute in *Palmer* that the amount in controversy requirement was satisfied. *See id.* at *4 at n. 5.

Removal is derived from documents provided by Plaintiffs' counsel to National Indemnity prior to removal. (R. Doc. 5 at 7).[7] Plaintiffs argue that the Removing Defendants merely speculate that the remainder of the requisite amount in controversy (approximately $28,000.00) is more likely than not satisfied. (R. Doc. 12 at 3-4).

The court finds instructive the Fifth Circuit's analysis in *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771 (5th Cir. 2003). In *Felton*, the Fifth Circuit had to determine whether the amount in controversy requirement was satisfied where the record established that the plaintiff, an elderly lady who fell when exiting a bus and suffered a fractured hip, had incurred over $40,000 in medical expenses related to the incident by the time of removal. Given the one-year lapse in time from the accident to the filing of the lawsuit, the Fifth Circuit concluded that the incurred $40,000 in medical bills likely "includes the surgery undergone by [the plaintiff] to mend her hip as well as some of the costs of rehabilitation, thereby making less certain the conclusion that plaintiff's expenses and equitable relief were greater than $75,000." *Id*. at 774. Nevertheless, because the plaintiff had also sought recovery for general and equitable relief, including damages for pain and suffering, the Fifth Circuit concluded that "when all of these items are calculated, it becomes more likely than not that the amount-in controversy will exceed $75,000." *Id*. The Fifth Circuit concluded that there was diversity jurisdiction. *Id*.

Here, there is no dispute between the parties that Ms. Bethel incurred at least $47,000 in medical expenses prior to removal. As all of the medical records pre-date the date of removal, it is reasonable to conclude that the approximately $47,000 in incurred expenses relate to plaintiff's past treatment and surgeries. Based on the medical records submitted into the record: Ms. Bethel

---

[7] The Removing Defendants do not direct the court to any specific documents supporting the $47,000.00 amount. Plaintiffs do not dispute the amount asserted by the Removing Defendants, and concede that the "medical records produced by defendants in their opposition to remand" supports a finding that the medical expenses incurred "total a little over $47,000." (R. Doc. 12 at 3).

has been diagnosed with an avulsion to the dorsal part of the left hand, a lacerated tendon and fractured thumb to the left hand, and a fracture of the left pelvis; Ms. Bethel has undergone surgeries on her left hand and pelvis; and Ms. Bethel has received treatment for residual pelvic pain. (R. Doc. 5 at 7-8; *see* R. Docs. 5-2, 5-3, and 5-4). As in *Felton*, Ms. Bethel also alleges general damages and seeks recovery for pain and suffering. The award of general damages related to a hand injury alone can be significant. *See Trunk v. Medical Center of Louisiana*, 885 So.2d 534 (La. 2004) (jury awarded $35,000 in general damages and $17,902 in medical expenses where plaintiff fell and sustained ligament tears to the wrist and underwent arthroscopic surgery). Furthermore, Ms. Bethel seeks recovery for damages not at issue in *Felton*, including recovery for lost wages, impairment of future earning capacity, and damage and loss of value to the vehicle and other personal property. The court is satisfied that when all of the foregoing items are calculated, the jurisdictional amount will more likely than not exceed $75,000.

Based on the foregoing, the Removing Defendants have met their burden of establishing that the amount in controversy requirement is satisfied and that the court has subject matter jurisdiction over this action based on the claims of Jillian Bethel. The court need not determine whether it may exercise original jurisdiction over the claims of Paul Bethel and Renee Bethel, because it has supplemental jurisdiction over their claims as they arise out of the same set of operative facts. *See* 28 U.S.C. §1367(a); *Exxon Mobil Corp. v. Allapattah Services Inc.*, 545 U.S 546 (2005).

## IV. Conclusion

The court has subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332, and removal was proper pursuant to 28 U.S.C. § 1446.

11

## **RECOMMENDATION**

**IT IS THE RECOMMENDATION** of the magistrate judge that Plaintiffs' Motion to Remand (R. Doc. 4) be **DENIED**.

Signed in Baton Rouge, Louisiana, on September 4, 2015.

*[signature]*

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**